UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | | |
|---|---|---|
| JAIME ALLEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. _____ |
| VS. | § | |
| | § | |
| MAERSK LINE, LIMITED | § | |
| Defendant. | § | |

## SEAMAN'S COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, JAIME ALLEN, hereinafter referred to as Plaintiff, complaining of MAERSK LINE, LIMITED, Defendant, and for his cause of action would respectfully show as follows:

### I.
### PARTIES

1. Plaintiff is an individual and resident of Jacksonville, Florida.

2. Defendant is a Delaware corporation and maintains its principal place of business at 2510 Walmer Ave Ste C, Norfolk, VA 23513-2601.  It is duly licensed to conduct business within the Commonwealth of Virginia and maintains offices throughout the United States.  It can be served with process through its registered agent: CT Corporation System, 4701 Cox Rd Ste 285, Glen Allen, VA 23060-6808.

### II.
### JURISDICTION

3. This court has jurisdiction over the parties pursuant to the Jones Act and general maritime law.

### III.
### VENUE

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in this District.

### IV.
### FACTUAL BACKGROUND

5. Plaintiff brings this suit under the Jones Act and general maritime law.

6. On June 4, 2018, Plaintiff was working for Maersk on the Maersk Montana ("Vessel"). Maersk owned the Vessel and employed Plaintiff as a seaman.

7. On that day, the Vessel departed Norfolk, Virginia and headed towards Europe.

8. On June 7, 2018, Plaintiff was working on the starboard side of the deck on the vessel putting extra latching on the pilots' ladder. He was wearing appropriate personal protective equipment. A twist lock, which is a piece of metal that secures the containers, fell and hit him on the head. The twist lock was owned and controlled by Maersk.

9. Plaintiff later began experiencing dizziness and headaches as a result of the accident. He received medical treatment in Europe. He was diagnosed with a brain bleed, and a surgery was performed. He suffered serious personal injuries to his head, neck, and back.

### V.
### CAUSES OF ACTION

**Jones Act Neligence**

10. The Defendant had common-law and statutory duties to use ordinary care in the operation of the Vessel. Defendant negligently breached those duties, as well as all other acts deemed negligent, and that negligence proximately caused Plaintiff's injuries and damages:

    a. Failing to provide a safe place to work;

    b. Failing to provide a seaworthy vessel;

    c.  Failing to properly maintain the vessel;

    d.  Failing to properly train the crew;

    e.  Failing to properly inspect the vessel;

    f.  Failing to properly maintain the twist lock; and

    g.  Other acts deemed negligent.

11.    The Defendant's negligence was a cause of the accident.

**Unseaworthiness**

12.    Defendant had a duty to maintain the vessel in a seaworthy condition. A seaworthy vessel does not have twist locks that dislodge and fall. Plaintiff asserts that the vessel was unseaworthy for the reasons stated in the foregoing paragraphs.

13.    The unseaworthiness of the vessel was a substantial factor in causing the accident.

**Maintenance and Cure**

14.    Defendant had a duty to pay Plaintiff maintenance and cure. Defendant breached its duty because it did not pay all maintenance and cure until Plaintiff reached maximum medical improvement.

## VI.
## DAMAGES

15.    Because Plaintiff's bodily injuries were caused by Defendant's negligence and the unseaworthiness of the vessel, Plaintiff is entitled to reasonable and proper compensation for the following damages:

    a.  Physical pain, mental anguish, emotional distress, impairment, and disfigurement in the past and future;

    b.  Medical expenses, in the past and future;

    c.  Lost wages and loss of earning capacity, in the past and future; and

    d.  Loss of household services, in the past and future.

16.    Plaintiff is also entitled to maintenance and cure.

## VII.
## JURY DEMAND

17.    Plaintiff requests a trial by jury and would show that the appropriate fee is paid contemporaneously with this filing of this Petition.

## VIII.
## PRAYER

18.    FOR THESE REASONS, Plaintiff respectfully prays that Defendant be cited to appear and answer herein, and that Plaintiff have judgment against Defendant for the following:

    a.  actual damages;

    b.  costs of court;

    c.  prejudgment and post-judgment interest at the highest rates allowed by law; and,

    d.  any and all such other and further relief to which Plaintiff may be entitled, at law or in equity.

Respectfully submitted,

JAMIE ALLEN

By: /s/ John M. Cooper
      Of counsel

John M. Cooper, Esquire
Virginia State Bar No. 29064
jcooper@cooperhurley.com
Charles Barnet Lustig, Esquire
Virginia State Bar No. 29442
clustig@cooperhurley.com
Cooper Hurley Injury Lawyers
125 St Pauls Blvd, Ste. 510
Norfolk, Virginia 23510
757-333-3333 (phone)
757-455-8274 (facsimile)
Counsel for Plaintiff

and

Jeff Seely, Esquire
Texas Bar No. 24033172
jseely@geslawfirm.com
Gordon, Elias & Seely, LLP
1811 Bering Drive, Ste. 300
Houston, TX 77057
(713) 668-9999 (phone)
(713) 668-1980 (facsimile)
Counsel for Plaintiff (*Pro Hac Vice* Pending)